IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY E. MARSHALL,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )　Case No. 3: 25-cv-00090<br>)　Judge Trauger / Frensley |
| MATTHEW BLAKE, et al.,<br>　　Defendants. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

This pro se ERISA action is before the court on defendants' motion to dismiss. Docket No. 17. Plaintiff opposes the motion and defendants have replied. Docket Nos. 28, 30. After reviewing the record and briefs, the undersigned recommends the motion be granted and the action be dismissed as barred for failure to exhaust administrative remedies.

## I.　BACKGROUND

Pro se plaintiff Mary E. Marshall filed her form complaint[1] against United Parcel Service (UPS) and her former UPS supervisor Matthew Blake under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001 *et. seq.*, alleging mishandling of her pension benefits under an ERISA-governed pension plan.[2] Docket No. 1, p. 3.

Plaintiff retired from UPS on November 22, 2024, as a participant in the UPS Pension Plan (Plan). Docket No. 6, pp. 6-7. Prior to her retirement, Plaintiff elected a Joint & 50% Survivor

---

[1] Plaintiff filed the pro se form "Complaint for a Civil Case alleging Breach of Contract," invoking the court's diversity jurisdiction. Docket No. 1, pp. 1, 3. However, federal subject matter jurisdiction is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e). *Weiner v. Klais & Co.*, 108 F. 3d 86, 91 (6th Cir. 1997).

[2] Plaintiff attached various exhibits to her complaint under separate filings, including her UPS Pension Plan Part-Time Union Retirement Confirmation Statement, Confirmation of her Retirement Application Rescission Retirement Application, and various correspondence from UPS and UPS Pension Plan. Docket Nos. 6, 9, and 11.

Annuity, which entitled her to monthly pension payments of $1,139.46 beginning December 1, 2024, with payment occurring during the first week in December. Id. UPS confirmed her election and notified her that payments would start as scheduled. Docket No. 6, p. 6.

Plaintiff subsequently rescinded her initial pension election prior to December 3, 2024, after she had received the first payment of $1,139.46, which the pension plan could not recover. Id at pp. 6, 27. In correspondence dated December 3, 2024, UPS acknowledged Plaintiff's rescission, voided the initial election, and instructed her to submit a new retirement application 60–90 days before her revised benefit start date. Id. at p. 12. On December 19, 2024, UPS provided Plaintiff with a new retirement application form and explicitly instructed her to submit the completed form by March 19, 2025, to ensure timely processing. Docket No. 6, pp. 15-16.

Plaintiff timely submitted a new retirement application electing a Single Life Annuity (SLA). Id. at pp. 17-18. On January 7, 2025, UPS confirmed the election, scheduled a retroactive lump-sum payment of $2,785.25 for December 2024 through February 1, 2025 (less the payment she had already received which the Plan could not recover) and initiated ongoing monthly payments of $1,312.80 commencing March 1, 2025. Id., p. 27.

In her complaint, Plaintiff alleges she started her retirement process with UPS in September 2024. Docket No. 1, p. 5. She completed the process and was told she would be receiving her first pension check on December 1, 2024. Id. She then went to Blake who told her that all she had to do was give management the date she would be leaving and that "UPS takes care of everything else." Id. She alleges Blake did not confirm her retirement to UPS Retirement, that her benefits have been denied, and she has had to start her retirement process over again. Id.

For relief she asks the court to "refer [her] case to the ERISA violation." Id. In her prayer for relief, she notes that common ERISA violations include "improper denial of benefits" and

"breach of fiduciary duty toward employees covered by plans." Docket No. 1, p. 5. She attaches as an exhibit an internet printout with the search query, "What is an ERISA violation?" Docket No. 1-1, p. 7. She also references the ERISA requirement that plan administrators file Form 5500 annual reports and cites statutory penalties. Id.

The instant motion followed. Docket No. 17. Defendants argue Plaintiff lacks standing. Docket No. 18, p. 5. They argue Plaintiff improperly asserts state law contract claims preempted by ERISA. Id. at p. 7. They contend Plaintiff fails to plausibly plead an ERISA violation. Id. pp. 8-10. They argue Blake is not a proper party defendant under ERISA. Id. pp. 10-11. They finally argue Plaintiff has failed to exhaust administrative remedies. Docket No. 18, pp. 11-12.

By order dated June 6, 2025, the undersigned ordered Plaintiff to show cause why her claims should not be dismissed. Docket No. 21. Plaintiff responded, opposing the motion. Docket Nos. 28-29. She reiterates her allegation that UPS did not confirm her retirement. Docket No. 28, p. 1. She states that a pension check was "recalled," and that she was forced to start a whole new retirement process with UPS Pension Retirement. Id. She states her health insurance "released her policy" more than seven months after her retirement because UPS would not confirm her retirement. Docket No. 29, p. 2. Finally, she contends the Union was months late in sending her money owed because UPS would not confirm her retirement. Docket No. 28, p. 1.

Defendants replied, noting Plaintiff failed to address their arguments concerning ERISA preemption and exhaustion. Docket No. 30, p. 1. They note Plaintiff is currently receiving her pension benefits and that she has not identified any unpaid benefit, but simply describes the administrative process related to her change in election. Id.

## II. LAW AND ANALYSIS

When ruling on a motion to dismiss under Rule 12(b)(6), the court construes the record in

3

the light most favorable to the non-moving party and accepts all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 275-76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions...." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F. 3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

**Breach of Oral Contract Claim**

Plaintiff appears to assert a state law claim for breach of oral contract based on Blake's verbal assurance that "UPS takes care of everything else" upon notification of her retirement. Docket No 1, pp. 4-5. She asserts Blake shook her hand, congratulated her on her retirement, and assured her "he would do the rest. [He] said [she] had no paperwork involved." Id. p. 4. She appears to allege Blake thereafter failed to confirm her retirement in UPS's systems, resulting in the denial or stoppage of her pension benefits. Id. pp. 4-5.

Defendants argue Plaintiff's breach of contract claim is expressly preempted by ERISA § 514. The undersigned agrees.

There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA § 514, 29 U.S.C. § 1144.

4

Complete preemption occurs whenever Congress "so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." *Neumann v. AT&T Communications, Inc.*, 376 F.3d 773, 779 (8th Cir. 2004).

In contrast, ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). Express preemption provides an affirmative defense against claims not completely preempted under ERISA § 502. Congress intended ERISA preemption to comprehensively displace state law claims impacting ERISA governed plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (referencing the "expansive sweep" of ERISA preemption). In *Pilot Life,* the Court held that an employee's breach of contract and tort claims against his plan's insurer "related to" the plan, because both claims were based on "alleged improper processing of a claim for benefits under an employee benefit plan." 481 U.S. at 47-48.

Here, Plaintiff's breach of contract claim relates to UPS's purported denial, interruption, or stoppage of her pension benefits under her ERISA governed plan. The Supreme Court's holding in *Pilot Life* clearly establishes that Plaintiff's claim against UPS is preempted. *See also, Cromwell v. Equicor-Equitable HCA Corp.*, 944 F. 2d 1272, 1276 (6th Cir. 1991) ("virtually all state law claims relating to an employee benefit plan are preempted by ERISA"). The undersigned recommends Plaintiff's breach of contract claim be dismissed.

**ERISA - Exhaustion of Administrative Remedies**

Defendants also argue Plaintiff's complaint should be barred for failure to exhaust administrative remedies. The undersigned agrees.

5

"The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F. 2d 979, 986 (6th Cir. 1991); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991) (same). Although ERISA does not explicitly require exhaustion, the statute does require benefit plans to provide internal dispute resolution procedures. *See* 29 U.S.C. § 1133(2). "[T]he exhaustion requirement enables plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Baxter*, 941 F. 2d at 453 (quoting *Makar v. Health Care Corp. of Mid–Atlantic*, 872 F. 2d 80, 83 (4th Cir. 1989)). The exhaustion requirement also promotes consistent claim treatment, reduces frivolous litigation, and encourages resolution of disputes through non-adversarial processes, thereby reducing the overall time and costs associated with claims settlement. *Baxter*, 941 F. 2d at 453 (citation omitted).

Plaintiff's complaint demonstrates she did not pursue or attempt to pursue administrative remedies prior to filing suit. Nor does she allege any facts demonstrating exhaustion or justifying any exception to the exhaustion requirement. The undersigned is unwilling to assume futility. Plaintiff's response fails to address defendants' argument concerning exhaustion nor does it include documentation that she pursued administrative remedies. Docket No. 28. The undersigned therefore recommends Plaintiff's claims be dismissed as barred for failure to exhaust administrative remedies.

Finally, the undersigned does not construe the complaint as alleging claims for breach of fiduciary duty. Plaintiff makes no specific factual allegations against defendants. In her claim for relief, she merely perfunctorily states that common ERISA violations include "improper denial of benefits" and "breach of fiduciary duty toward employees covered by plans," attaching an internet

query as an exhibit. This is insufficient. *See Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F. 3d 239, 246-47 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. 544, 555)([A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions....")

### III. CONCLUSION

The undersigned concludes Plaintiff's' breach of contract claim is expressly preempted by ERISA § 514. The undersigned further concludes Plaintiff's complaint should be dismissed for as barred for failure to exhaust administrative remedies.

Consistent with the foregoing, the undersigned recommends defendants' motion to dismiss, Docket No. 17, be **GRANTED** and the complaint be dismissed without prejudice as barred for failure to exhaust administrative remedies.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**